*N/C to encl.*
*Summons issued*
*Rambo/HBG*

MCC:TBS

*Dauphin Cty.*
*Fee Waived*
*cc: cert AUSA & cl.*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            Plaintiff<br><br>vs.<br><br>$1,790,021 in U.S. Currency,<br>            Defendant | CIVIL NO. 1:CV-01-1084<br><br>(JUDGE Rambo)<br><br>FILED<br>HARRISBURG<br>JUN 19 2001<br>MARY E. D'ANDREA, CLERK<br>Per_____ /s/_____<br>    DEPUTY CLERK |

### VERIFIED COMPLAINT OF FORFEITURE IN REM

Plaintiff, the United States of America, by and through its attorneys, Martin C. Carlson, United States Attorney, for the Middle District of Pennsylvania, and Theodore B. Smith, III, Assistant U. S. Attorney, respectfully states as follows:

1. This Court has jurisdiction over this matter by virtue of 18 U.S.C. § 981, 21 U.S.C. § 881, 28 U.S.C. §§ 1345 and 1355, and 31 U.S.C. § 5317.

2. This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 981, 21 U.S.C. § 881 and 31 U.S.C. § 5317, for the forfeiture of personal property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956 or 31 U.S.C. §§ 5316 and 5324(b), and monies furnished or intended to be furnished in exchange for controlled substances or

intended to be used to facilitate violations of 21 U.S.C. § 841 and 846, or personal property traceable to such property.

3. Said personal property was involved in a transaction or attempted transaction in violation of 31 U.S.C. §§ 5316 and 5324(b)(1), Causing or Attempting to Cause Another to Fail to File a Report on Exporting Monetary Instruments, and 18 U.S.C. §1956, Laundering of Monetary Instruments, or is traceable to property involved in such transactions or attempted transactions. The specified unlawful activity is a violation of 21 U.S.C. §§ 841 and 846, Distribution and Possession with Intent to Manufacture or Distribute and Conspiracy to Distribute Controlled Substances, felonies punishable by imprisonment in excess of one year. Said personal property is also monies furnished or intended to be furnished in exchange for controlled substances, proceeds traceable to such an exchange, or monies intended to be used to facilitate violations of 21 U.S.C. § 841 and 846.

4. Defendant Property is $1,790,021 in U.S. Currency.

5. The following facts and circumstances support the seizure and forfeiture of Defendant Property:

   (a) On December 28, 2000, troopers of the Pennsylvania State Police conducted a traffic stop of a tractor trailer bearing Texas license number R1PN70, traveling south on Interstate 81 near Grantville, Pennsylvania at a high rate of speed.

   (b) The flatbed trailer was loaded with three very beat up pickup trucks, which were in very poor condition.

(c) The driver of the tractor trailer, Jose Montelongo, informed Trooper Jeff Allar that he had traveled from Texas to New York to pick up the three trucks, which were then to be transported to Mexico for resale.

(d) Trooper Allar's training and experience in traffic safety and regulation of interstate common carriers informed him that the transport of three pickup trucks in such poor condition from New York to Mexico on a flatbed truck for resale was in all likelihood not a cost effective or profitable means of transport.

(e) Trooper Allar requested and received written consent from Montelongo to search the tractor trailer, and also summoned Trooper Tom Pinkerton and his trained drug detection dog, "Dakota," to the scene of the stop.

(f) Dakota alerted, or reacted, to several areas of the trailer, including its passenger side, the area underneath the forward most vehicle being hauled on the trailer, the outside rail of the trailer, and the interior of the tractor cab.

(g) Pennsylvania State Police also recovered a bag containing a vegetable substance appearing to be marijuana from an outside compartment of the tractor.

(h) Based upon the discovery of the suspected marijuana, Montelongo was taken into custody and transported to Pennsylvania State Police barracks in Harrisburg.

(i) The Pennsylvania State Police applied for and received a Pennsylvania search warrant for the tractor trailer and its contents.

(j) During the course of the ensuing search, a cardboard box containing $424,335.00 in U.S. currency was found concealed behind the rear seat of a red Nissan pickup truck being carried by the tractor trailer. This currency was divided into 20 kilogram-sized bundles sealed in plastic bags and wrapped in duct tape.

(k) $1,365,686.00 in U.S. currency was discovered in a metal compartment concealed under the wood planks that made up the deck of the trailer in the "fifth wheel" area, located directly under the red Nissan pickup truck, which was the front most vehicle on the trailer. This currency was divided into 41 kilogram-sized bundles sealed in plastic bags and wrapped in duct tape.

(l) The two sums of U.S. currency set forth above, in subparagraphs (j) and (k) hereof, were seized and turned over to the Drug Enforcement Administration (DEA), and constitute the defendant *res* of $1,790,021.00 in this *in rem* civil forfeiture action.

(m) When questioned following the seizure of the defendant currency, Montelongo disclaimed any knowledge of the presence of the currency in his load, advised that the trailer had been loaded by other persons in a vacant lot in Newburgh, New York, where he had "deadheaded" from

4

Philadelphia following his driving of a load from Houston to Philadelphia. Montelongo advised that after the trailer was loaded, secured and hitched to the tractor, he headed south and was advised by his dispatcher to proceed to Laredo, Texas, immediately across the border from Mexico.

(n)  Montelongo was not charged, and he and the tractor trailer were released.

(o)  Mexico is a major source country for illegal controlled substances entering into the United States and is also a major transit route for illegal cocaine, heroin, marijuana and other controlled substances manufactured in other countries and illegally imported into the United States.

(p)  Laredo, Texas is both a major point of entry for illicit drugs from Mexico into the United States and a major point of exit for drug proceeds from the United States into Mexico, due to its status as a major border crossing for tractor trailer commerce in lawful goods.

(q)  Houston, Texas is a major drug transshipment city in the movement of illegal controlled substances from Mexico into the United States and north to destination cities in New York and New England.

(r)  A person or an agent or bailee of such person is required, under 31 U.S.C. § 5316, to file a report when the person, agent or bailee knowingly transports, is about to transport, or has transported monetary instruments of more

then $10,000 at one time from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States; it is an offense punishable by imprisonment for up to ten years, under 31 U.S.C. § 5324(b) and (c) for any person to fail to file such a report or cause or attempt to cause a person to fail to file such a report; and under 31 U.S.C. § 5317(c) any property involved in such a transaction or attempted transaction, any property traceable to such property, and any monetary instrument with respect to which a report has not been filed or any property traceable thereto may be seized and forfeited to the United States.

(s)  A monetary instrument transported by common carrier, messenger or bailee is being transported under 31 U.S.C. § 5317(c) from the time it is delivered to the common carrier, messenger or bailee through the time it is delivered to the addressee, intended recipient or agent of the addressee or intended recipient without being transported further in, or taken out of, the United States.

**WHEREFORE**, the United States of America prays that the Court:

  A. Issue a warrant of arrest *in rem* for the aforementioned Defendant Property;

6

B. Provide due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

C. Enter judgment declaring the aforementioned Defendant Property be condemned and forfeited to the United States of America for disposition according to law; and

D. Grant the United States of America such other and further relief as this Court may deem just and proper, together with the costs of this action.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

Dated 6/19/01

THEODORE B. SMITH, III
Assistant United States Attorney

DECLARATION

I am a Special Agent of the Drug Enforcement Administration and the agent assigned responsibility for this case.

I have read the contents of the foregoing complaint for forfeiture and any exhibits thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 19 day of June, 2001.

MARK D. ANDRASI
Special Agent
Drug Enforcement Administration

VERIFICATION

I, Theodore B. Smith, III, Assistant United States Attorney, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture In Rem is based on reports and information furnished by the Drug Enforcement Agency and everything contained therein is true and correct to the best of my knowledge.

Executed on: 6/19/01

Theodore B. Smith, III
Assistant U.S. Attorney