ORIGINAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
            Plaintiff  :
                            : CIVIL NO. 1:CV-01-1084
    vs.  :

$1,790,021 in U.S. Currency,  : (JUDGE RAMBO)
            Defendant  :

**FILED**
HARRISBURG, PA

SEP 11 2002

JOINT CASE MANAGEMENT PLAN

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

1.0.  Principal Issues.

    1.10.  Separately for each party, please give a statement summarizing this case:

    By Plaintiff:

    On December 28, 2000, troopers of the Pennsylvania State Police conducted a traffic stop of a tractor trailer bearing Texas license number R1PN70, traveling south on Interstate 81 near Grantville, Pennsylvania at a high rate of speed.  The flatbed trailer was loaded with three very beat up pickup trucks, which were in very poor condition.  The driver of the tractor trailer, Jose Montelongo, informed Trooper Jeff Allar that he had traveled from Texas to New York to pick up the three trucks, which were then to be transported to Mexico for resale.
    Trooper Allar's training and experience in traffic safety and regulation of interstate common carriers informed him that the transport of three pickup trucks in such poor condition from New York to Mexico on a flatbed truck for resale was in all likelihood not a cost effective or profitable means of transport.  Trooper Allar requested and received written consent from Montelongo to search the tractor trailer, and also summoned Trooper Tom Pinkerton and his trained drug detection dog, "Dakota," to the scene of the stop.  Dakota alerted, or reacted, to several areas of the trailer, including its passenger side, the area underneath the forward most vehicle being hauled on the

trailer, the outside rail of the trailer, and the interior of the tractor cab.

Pennsylvania State Police also recovered a bag containing a vegetable substance appearing to be marijuana from an outside compartment of the tractor. Based upon the discovery of the suspected marijuana, Montelongo was taken into custody and transported to Pennsylvania State Police barracks in Harrisburg.

The Pennsylvania State Police applied for and received a Pennsylvania search warrant for the tractor trailer and its contents. During the course of the ensuing search, a cardboard box containing $424,335.00 in U.S. currency was found concealed behind the rear seat of a red Nissan pickup truck being carried by the tractor trailer. This currency was divided into 20 kilogram-sized bundles sealed in plastic bags and wrapped in duct tape.

$1,365,686.00 in U.S. currency was discovered in a metal compartment concealed under the wood planks that made up the deck of the trailer in the "fifth wheel" area, located directly under the red Nissan pickup truck, which was the front-most vehicle on the trailer. This currency was divided into 41 kilogram-sized bundles sealed in plastic bags and wrapped in duct tape. The two sums of U.S. currency set forth above were seized and turned over to the Drug Enforcement Administration (DEA), and constitute the defendant res of $1,790,021.00 in this in rem civil forfeiture action.

When questioned following the seizure of the defendant currency, Montelongo disclaimed any knowledge of the presence of the currency in his load, advised that the trailer had been loaded by other persons in a vacant lot in Newburgh, New York, where he had "deadheaded" from Philadelphia following his driving of a load from Houston to Philadelphia. Montelongo advised that after the trailer was loaded, secured and hitched to the tractor, he headed south and was advised by his dispatcher to proceed to Laredo, Texas, immediately across the border from Mexico. Montelongo was not charged, and he and the tractor trailer were released.

Mexico is a major source country for illegal controlled substances entering into the United States and is also a major transit route for illegal cocaine, heroin, marijuana and other controlled substances manufactured in other countries and illegally imported into the United

2

States.  Laredo, Texas is both a major point of entry for illicit drugs from Mexico into the United States and a major point of exit for drug proceeds from the United States into Mexico, due to its status as a major border crossing for tractor trailer commerce in lawful goods.  Houston, Texas is a major drug transshipment city in the movement of illegal controlled substances from Mexico into the United States and north to destination cities in New York and New England.

A person or an agent or bailee of such person is required, under 31 U.S.C. § 5316, to file a report when the person, agent or bailee knowingly transports, is about to transport, or has transported monetary instruments of more then $10,000 at one time from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States.  It is a criminal offense under 31 U.S.C. § 5324(b) and (c) for any person to fail to file such a report or cause or attempt to cause a person to fail to file such a report.  Under 31 U.S.C. § 5317(c) any property involved in such a transaction or attempted transaction, any property traceable to such property, and any monetary instrument with respect to which a report has not been filed or any property traceable thereto may be seized and forfeited to the United States.  A monetary instrument transported by common carrier, messenger or bailee is being transported under 31 U.S.C. § 5317(c) from the time it is delivered to the common carrier, messenger or bailee through the time it is delivered to the addressee, intended recipient or agent of the addressee or intended recipient without being transported further in, or taken out of, the United States.

By Defendant(s):

Claimant claims, without elaboration, that he is the owner of the defendant currency, and that he obtained the currency in the regular course of his money exchange and auto purchasing and sales business.

The principal <u>factual</u> issues that the parties <u>dispute</u> are:

1.11  Whether the defendant $1,790,021 constitutes monies furnished or intended to be furnished in exchange for controlled substances, proceeds traceable to such an exchange, or monies intended to be used to facilitate violations of the Controlled Substances Act.

3

1.12  Whether the defendant $1,790,021 constitutes property involved in a transaction or attempted transaction in violation of the federal law prohibiting the causing or attempted causing of another to fail to file a report on the export of more than $10,000 in currency or monetary instruments, or is traceable to property involved in such transactions or attempted transactions.

1.13  Whether the defendant $1,790,021 constitutes property involved in money laundering transactions or attempted transactions.

1.14  Whether the tractor trailer from which the defendant currency was seized was traveling at a high rate of speed.

1.15  Whether claimant Alejandro Martinez-Lopez has any interest in the defendant currency.

<u>Agree</u> upon are:

1.20  On December 28, 2000, troopers of the Pennsylvania State Police conducted a traffic stop of a tractor trailer bearing Texas license number R1PN70, traveling south on Interstate 81 near Grantville, Pennsylvania.

1.21  The driver of the tractor trailer, Jose Montelongo, was not charged, and he and the tractor trailer were released.

1.30.  The principal <u>legal</u> issues that the parties <u>dispute</u> are:

   1.31  Whether there was probable cause for the seizure and initiation of forfeiture proceedings against the defendant currency.

   1.32  Whether at trial there is sufficient evidence to prove the defendant currency is subject to forfeiture on any of the three factual bases set forth above in § 1.11, 1.12 or 1.13.

   1.33  Whether there was probable cause or reasonable articulable suspicion for the initial stop of the tractor trailer.

   1.34  Whether there was probable cause for the search of the tractor trailer.

1.35  Whether any defect in the search of the tractor trailer or seizure of the defendant currency would deprive the Court of *in rem* jurisdiction.

1.36  Whether the propriety of the search of the tractor trailer or seizure of the defendant currency may be contested in a civil action.

1.37  Whether the present claimant has standing to contest the legality of the search of the tractor trailer.

*Agree* upon are:

1.40  NONE

1.50.  Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

Service of the complaint on the present claimant was attempted by registered mail, return receipt requested, at his address in Mexico. The envelope containing the complaint was returned as undeliverable. Nevertheless, present counsel for the claimant has entered an appearance and filed a claim and answer on behalf of the claimant. The claimant has not, to the best of this writer's knowledge, subjected himself to the personal jurisdiction of this or any other court in the United States, and the United States believes he is unwilling to do so.

1.60.  Identify any named parties that have not yet been served:

The sole claimant, Alejandro Martinez-Lopez, has not been served either by mail or in person, but has entered an appearance through present counsel.

1.70.  Identify any additional parties that:

plaintiff(s) intend to join:

NONE

defendant(s) intend to join:

NONE

5

    1.80.    Identify any additional claims that:

        plaintiff(s) intend to add:

        NONE

        defendant(s) intend to add:

        Motion to Suppress

## 2.0. Alternative Dispute Resolution ("ADR").

    2.10.    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

        ADR procedure __NONE_____.

        Date ADR to be commenced _____.
        Date ADR to be completed _____.

    2.20    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

    2.30    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

    This is a civil *in rem* forfeiture case related to a criminal investigation. The United States has an institutional interest in not participating in ADR in such a case involving $1,790,021 in bundled currency seized from a flatbed truck traveling en route to Mexico. In this respect, the case is more like a criminal than a civil case.

## 3.0. Consent to Jurisdiction by a Magistrate Judge.

Indicate whether all parties agree, pursuant to 28 U.S.C. §636(c)(1), to have a magistrate judge preside as the judge with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this Court:    _____ YES    __XX__ NO

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

\_\_\_\_\_ Scranton
\_\_\_\_\_ Wilkes-Barre
\_\_\_\_\_ Harrisburg

**4.0. Disclosures.**

4.100.  Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed:

4.101.  Disclosed by plaintiff:

| Name | Title/Position |

4.102   Trooper Jeff Allar    Pennsylvania State Police

4.151.  Disclosed by defendant:

| Name | Title/Position |

4.152   NONE

4.200.  Separately for each party, describe by categories the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

4.201    Categories of documents disclosed by plaintiff:

4.202   None through formal discovery; state police incident report was obtained by counsel for claimant from Pennsylvania State Police.

4.251    Categories of documents disclosed by defendant:

4.252   NONE

7

4.300. <u>Additional Documents Disclosures</u>.  Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

    4.301    Additional categories of documents plaintiff will disclose:

    4.302    Search warrant and affidavit, if not already in possession of counsel for the claimant.

    4.351    Additional categories of documents defendant will disclose:

    4.352  Business records supporting claimant's claim.

4.400. Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or the offset:

    4.401  Plaintiff's calculation of damages:

This is a civil <u>in rem</u> action to forfeit the defendant sum of currency, $1,790,021

    4.402   Defendant's calculation of offset:

Attorney's fees and prejudgment interest in the event claimant prevails, pursuant to the Civil Asset Forfeiture Reform Act of 2000.

    4.403   Counter-claimant/third-party claimant's calculation of damages:

NONE

5.0. **Motions**.

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Deposition of Claimant By Plaintiff and, If Claimant Fails to Appear, Motion for Sanctions | Plaintiff | Deposition Will Be Scheduled And Noticed as Soon as Possible Following Case Mgmt. Conf. |
| Motion to Suppress | Claimant | Parties disagree as to whether claimant's motion to suppress or discovery should take place first. |

6.0. **Discovery**.

    6.100. Briefly describe any discovery that has been completed or is in progress:

        By plaintiff(s):  NONE

        By defendant(s):  NONE

    6.200. Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g. "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

9

6.300.  Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

   Plaintiff wishes to depose and direct interrogatories to the claimant, and does not believe the claimant will submit to such discovery.

6.400.  Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation.

   To the extent that the related criminal investigations in the Southern District of Texas and the Southern District of New York include information obtained through grand jury subpoena, request for disclosure of tax information, the plaintiff requests that such information not be subject to discovery.  The plaintiff also requests that identities of any confidential informants not be subject to discovery.

6.500.  For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing.  Where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s).

   6.501 Depositions (excluding experts) to be taken by:

   Plaintiff(s):           Defendant(s):

   Seven                   Three

   6.502 Interrogatories to be served by:

   Plaintiff(s):           Defendant(s):

   35                      20

   6.503 Document production requests to be served by:

   Plaintiff(s):           Defendant(s):

   25                      10

10

  6.504 Requests for admissions to be served by:

| Plaintiff(s): | Defendant(s): |
|---|---|
| 15 | 10 |

6.600. All discovery commenced in time to be completed by:

  February 7, 2003

6.700. Reports from retained experts due:

  From plaintiff(s) by: February 7, 2003

  From defendant(s) by: February 7, 2003

6.800. Supplementations due: Five working days prior to jury selection.

## 7.0. Protective Order.

7.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order.

7.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

## 8.0. Certification of Settlement Authority (All Parties Shall Complete the Certification).

I hereby certify that the following individual(s) have settlement authority:

**FOR THE PLAINTIFFS:**

Theodore B. Smith, III, Assistant U.S. Attorney
Christian Fisanick, Criminal Chief
Thomas A. Marino, United States Attorney
United States Attorney's Office
P.O. Box 11754
Harrisburg, PA  17108-1754
(717) 221-4482

FOR THE DEFENDANTS:

Chris Flood, Esquire
Flood and Flood
914 Preston Avenue
Suite 800
Houston, TX  77002-1832

**9.0. Scheduling.**

    9.1.  This case may be appropriate for trial in approximately:

        ___ 240 days from the filing of the complaint

        ___ 365 days from the filing of the complaint

        ___ Days from the filing of the action in this court

        _X_ 180 days from date of Case Management Conference

    9.2  Suggested date for Trial:

        _March 2003___ (Month/year)

    9.3  Suggested date for the final Pretrial Conference

        _March 2003___ (Month/year)

    9.4.  Final date for joining additional parties:

        _N/A___ Plaintiff(s)

        _N/A___ Defendant(s)

    9.5.  Final date for amending pleadings:

        _2/7/03___ Plaintiff(s)

        _2/7/03___ Defendant(s)

    9.6.  All potentially dispositive motions should be filed by:

        October 18, 2002

10.0. Other matters.

    Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

11.0. Identification of Lead Counsel.

    Identify by name, address, and telephone number, lead counsel for each party.

**FOR PLAINTIFFS:**

Theodore B. Smith, III, Assistant U.S. Attorney
United States Attorney's Office
P.O. Box 11754
Harrisburg, PA   17108-1754
(717) 221-4482

**FOR DEFENDANTS:**

Chris Flood, Esquire
Flood and flood
914 Preston Avenue
Suite 800
Houston, TX   77002-1832

Dated: 9/10/02       _____
                                  Attorney for Plaintiff(s)

Dated: 9/11/02       /s/ Chris Flood
                                  Attorney for Defendant(s)