ORIGINAL

TAM:TBS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 1:CV-01-1084 |
| Plaintiff ) | (Judge Rambo) |
| ) | |
| v. ) | |
| ) | |
| $1,790,021 IN U.S. CURRENCY, ) | |
| Defendant ) | |
| ) | |
| Alejandro Martinez-Lopez, Claimant ) | |

MOTION FOR SANCTIONS FOR FAILURE OF PARTY
TO ATTEND OWN DEPOSITION

AND NOW, comes the United States of America, plaintiff in the above-captioned civil, in rem forfeiture action, by and through its attorneys, Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, and Theodore B. Smith, III, Assistant U.S. Attorney, who respectfully move the Court, pursuant to Fed.R.Civ.P. 37(d) and Fed.R.Civ.P. 37(b)(2)(C), to dismiss the claim of Alejandro Martinez-Lopez as a sanction for his failure to appear before the officer who was to take his deposition after being served with proper notice and, in support thereof, afer as follows:

1. On November 26, 2002, the United States served upon Chris Flood, Esquire, counsel of record for claimant Alejandro

Martinez-Lopez, notice of a deposition upon oral examination of Alejandro Martinez-Lopez, pursuant to Fed.R.Civ.P. 26(a)(5) and 30, before a notary public or some other officer authorized to administer oaths under law, at the United States Attorney's Office, Suite 220, United States Courthouse and Federal Building, 228 Walnut Street, Harrisburg, Pennsylvania, on Tuesday, December 17, 2002, commencing at 9:30 A.M. (Exhibit A (Notice of Deposition); Exhibit B (Letter of Theodore B. Smith, III dated November 26, 2002).)

2. In his claim, claimant requested that all correspondence and notices regarding his claim be sent to his attorney, Chris Flood, Esquire.

3. Claimant lists an address for himself in his claim, but correspondence and notices sent to that address by the United States are returned undeliverable by Mexican postal authorities.

4. On December 11, 2002, attorney Flood contacted the undersigned by telephone and informed the undersigned that he had received the notice of deposition.

5. Attorney Flood stated that he was uncertain whether he would be able to locate the claimant in Mexico, and that counsel himself had a schedule conflict the date of the scheduled deposition.

6. The undersigned stated his willingness to reschedule the deposition for the convenience of counsel, but only if

2

counsel could represent that claimant would attend a rescheduled deposition.

7. The undersigned agreed to defer moving for sanctions for at least 30 days following claimant's nonappearance, in order to give counsel further opportunity to try to locate claimant and assure the United States of his intention to appear at a rescheduled deposition.

8. The understanding reached in the December 11, 2002 telephone conversation between counsel was memorialized in a letter to Attorney Flood dated December 12, 2002. (Exhibit C.)

9. The government's letter of December 12, 2002 expressly informed claimant and counsel that the United States would seek sanctions, including dismissal of the claim or some other dispositive motion, based upon the December 17, 2002 nonappearance unless claimant were to inform the United States through counsel of his willingness to appear at a deposition in the reasonably near future.

10. Claimant did not appear for the scheduled deposition on December 17, 2002.

11. On January 27, 2003, the undersigned spoke to counsel for claimant by telephone and received no assurance of claimant's willingness to appear for a deposition.

12. Claimant is a Mexican national who has never appeared in this Court in support of his claim except through counsel.

13. The present forfeiture action is to forfeit $1,790,021 in currency seized from a tractor-trailer hauling three beat-up pickup trucks from Newburgh, New York, to Laredo, Texas, on December 29, 2000.

14. The driver of the tractor-trailer claimed to have no knowledge of the presence of $1,790,021 concealed as part of his load, and stated his intention to drive that load across the international border at Laredo into Mexico.

15. Witnesses in a large-scale cocaine trafficking investigation and prosecution in the Southern District of Texas have identified claimant as the source of the cocaine in which they trafficked.

16. No form of sanction short of dismissal of the claim is likely to secure the attendance of claimant at a deposition.

17. Trial of the case is presently scheduled for May 2003.

18. The discovery deadline is February 7, 2003.

19. Claimant's claim asserts that he is the owner of the defendant currency and that he obtained the defendant currency in the regular course of his money exchange and auto purchasing and sales business.

20. Taking the deposition of claimant is necessary in order for the United States to properly litigate his claim, as his bare claim that he obtained the currency in the regular course of his business cannot be tested without his sworn testimony.

21. Under Fed.R.Civ.P 37(d), sanctions may be imposed for a party's failure to attend his own deposition following proper notice, and the sanctions that may be imposed include any of the sanctions set forth in Rule 37(b)(2)(A) to (C).

22. It is not necessary for the party moving for sanctions under Rule 37(d) to first obtain an order compelling discovery. Black Horse Lane Assoc., L.P. v. Dow Chemical Corporation, 228 F.3d 275, 301 (3d Cir. 2000); United States v. Reyes, 307 F.3d 451, 457-58 (6th Cir. 2002).

23. The brief of the United States in support of this motion will be filed forthwith.

**WHEREFORE**, the United States of America respectfully prays that this Honorable Court strike out or dismiss the claim or enter default judgment against claimant or, in the alternative, enter an order disallowing claimant's support of his claim or introduction of evidence to support his claim, or take such other action as the Court deems just.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

Dated: 2/4/03

THEODORE B. SMITH, III
Assistant U.S. Attorney
P.O. Box 11754
Harrisburg, PA 17108-1754
(717) 221-4482
Counsel for Plaintiff

TAM:TBS:cjl

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 1:CV-01-1084 |
| | ) | |
| Plaintiff | ) | (Judge Rambo) |
| | ) | |
| v. | ) | |
| | ) | |
| $1,790,021 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| Alejandro Martinez-Lopez, Claimant | ) | |

### CERTIFICATE OF NON-CONCURRENCE

The undersigned certifies that on January 27, 2003, he contacted Chris Flood, Esquire, counsel for claimant, to seek his concurrence in the filing of the attached motion. Counsel would not give concurrence at that time.

_____
THEODORE B. SMITH
Assistant U.S. Attorney

TAM:TBS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 1:CV-01-1084 |
| | ) | (Judge Rambo) |
| v. | ) | |
| | ) | |
| $1,790,021 IN U.S. CURRENCY | ) | |
| | ) | |

FILED
HARRISBURG, PA

NOV ~~2002~~

MARY E. D'ANDREA, CLERK
Per _____

## NOTICE OF DEPOSITION

TO: Alejandro Martinez-Lopez

PLEASE TAKE NOTICE that the Plaintiff, the United States of America, will take the deposition upon oral examination of **Alejandro Martinez-Lopez**, pursuant to Fed.R.Civ.P. 26(a)(5) and 30, before a notary public or some other officer authorized to administer oaths under law, at the United States Attorney's Office, Suite 220, United States Courthouse and Federal Building, 228 Walnut Street, Harrisburg, Pennsylvania, on Tuesday, December

17, 2002, commencing at 9:30 A.M.  The deposition will be
continuing from day to day, if necessary, until completed.

>                              Respectfully submitted,
>
>                              THOMAS A. MARINO
>                              United States Attorney
>
>                              THEODORE B. SMITH, III
>                              Assistant U.S. Attorney
>                              P.O. Box 11754
>                              Harrisburg, PA  17108-1754
>                              (717) 221-4482
>                              Counsel for Plaintiff

Dated: 11/25/02



**U.S. Department of Justice**

*Thomas A. Marino*
United States Attorney
Middle District of Pennsylvania

---

| | | |
|---|---|---|
| *William J. Nealon Federal Building* | *Harrisburg Federal Building and* | *Herman T. Schneebeli Federal Building* |
| *Suite 311* | *Courthouse, Suite 220* | *Suite 316* |
| *235 N. Washington Avenue* | *228 Walnut Street* | *240 West Third Street* |
| *P.O. Box 309* | *P.O. Box 11754* | *Williamsport, PA 17701-6465* |
| *Scranton, PA 18501-0309* | *Harrisburg, PA 17108-1754* | *(570) 326-1935* |
| *(570) 348-2800* | *(717) 221-4482* | *FAX (570) 326-7916* |
| *FAX (570) 348-2816/348-2830* | *FAX (717) 221-4582/221-2246* | |

*Please respond to:* Harrisburg

November 26, 2002

Chris Flood, Esquire
914 Preston Avenue, Suite 800
Houston, TX 77002-1832

    RE: United States of America v. $1,790,021
           Civil No. 1:CV-01-1084

Dear Chris:

    The last time we spoke, shortly following the case management conference in the above-captioned case, I believe you indicated you needed a copy of the Pennsylvania search warrant that resulted in the seizure of the defendant funds. I am enclosing a copy herewith.

    I am also enclosing a notice of deposition for your client, Alejandro Martinez-Lopez, for December 17, 2002, at 9:30 A.M. here in Harrisburg. If for some reason that date is inconvenient for you, please contact me and we can agree on a mutually convenient date.

    I would think that with a copy of the search warrant in your possession you would be in a position to file the anticipated suppression motion in the near future. I am anxious that we not let this case slip through the cracks, with the closing date for discovery falling in February 2003 and various pretrial deadlines

falling in April.  If you have some other resolution of the case to propose at this juncture, please do not hesitate to contact me.

           Very truly yours,

           THOMAS A. MARINO
           United States Attorney

           THEODORE B. SMITH, III
           Assistant U.S. Attorney

Enclosures





**U.S. Department of Justice**

*Thomas A. Marino*
United States Attorney
Middle District of Pennsylvania

| | | |
|---|---|---|
| *William J. Nealon Federal Building*<br>*Suite 311*<br>*235 N. Washington Avenue*<br>*P.O. Box 309*<br>*Scranton, PA 18501-0309*<br>*(570) 348-2800*<br>*FAX (570) 348-2816/348-2830* | *Harrisburg Federal Building and*<br>*Courthouse, Suite 220*<br>*228 Walnut Street*<br>*P.O. Box 11754*<br>*Harrisburg, PA 17108-1754*<br>*(717) 221-4482*<br>*FAX (717) 221-4582/221-2246* | *Herman T. Schneebeli Federal Building*<br>*Suite 316*<br>*240 West Third Street*<br>*Williamsport, PA 17701-6465*<br>*(570) 326-1935*<br>*FAX (570) 326-7916* |

*Please respond to:* Harrisburg

December 12, 2002

Chris Flood, Esquire
914 Preston Avenue, Suite 800
Houston, TX 77002-1832

    RE: United States of America v. $1,790,021
         Civil No. 1:CV-01-1084
         1:CR-98-041

Dear Chris:

    I am writing to memorialize our conversation of yesterday. It is my understanding that you are uncertain of your ability to locate your client, Alejandro Martinez-Lopez, and you advised me for this reason that he will not be attending the scheduled deposition December 17, 2002. You yourself also have a schedule conflict that date, which of course I would be willing to accommodate if there was any assurance your client would attend a rescheduled deposition. You and I both know, however, that DEA and the United States Attorney's Office for the Southern District of Texas consider Mr. Martinez-Lopez to be very much implicated in the cocaine trafficking conspiracy of which the subject currency is a part, so it is unlikely he will subject himself to the jurisdiction of a United States court by appearing here for a deposition. That being the case, there is no reason to reschedule the deposition to another date.

    I will, however, commit to refrain from seeking sanctions for Mr. Martinez-Lopez's nonappearance until 30 days have passed from the scheduled date of December 17, 2002. If during that time he informs me through you that he intends to appear for a deposition in the reasonably near future, I will not seek

sanctions based upon the December 17 nonappearance. Otherwise, I will seek sanctions, quite possibly including dismissal of the claim or some other dispositive motion.

    I thank you for your courtesy in at least informing me your client will not be appearing so as to save the government the cost of a stenographer's appearance fee. Again, if you have some other proposed resolution of the case to discuss with me, please do so at your earliest convenience.

Very truly yours,

THOMAS A. MARINO
United States Attorney

THEODORE B. SMITH, III
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL NO. 1:CV-01-1084 |
| | ) | |
| Plaintiff | ) | |
| | ) | (Judge Rambo) |
| V. | ) | |
| | ) | |
| $1,790,021 in U.S. CURRENCY, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| Alejandro Martinez-Lopez, Claimant | ) | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 4th day of February, 2003, she served a copy of the attached

### MOTION FOR SANCTIONS FOR FAILURE OF PARTY TO ATTEND OWN DEPOSITION

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Chris Flood, Esquire
FLOOD & FLOOD
914 Preston Avenue, Suite 800
Houston, TX   77002-1832

_____
CINDY J. LONG
Legal Assistant