● **ORIGINAL** ●



2/26/0

2 to at u 16

TAM:TBS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff<br><br>v.<br><br>$1,790,021 IN U.S. CURRENCY,<br>          Defendant<br><br>Alejandro Martinez-Lopez, Claimant | CR. NO. 1:CV-01-1084<br>(Judge Rambo) |

FILED
HARRISBURG, PA

FEB 25 2003

MARY E. D'ANDREA, CLERK
Per _____

### MOTION FOR SUMMARY JUDGMENT

   **AND NOW**, comes the United States of America, plaintiff in the above-captioned civil, <u>in rem</u> forfeiture action, by and through its attorneys, Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, and Theodore B. Smith, III, Assistant U.S. Attorney, who respectfully move the Court, pursuant to Fed.R.Civ.P. 56, for summary judgment and, in support thereof, aver as follows:

   1.   The present forfeiture action is to forfeit $1,790,021 in currency seized from a tractor-trailer hauling three beat-up pickup trucks from Newburgh, New York, to Laredo, Texas, on December 29, 2000.

   2.   The driver of the tractor-trailer claimed to have no knowledge of the presence of $1,790,021 concealed as part of his

load, and stated his intention to drive that load across the international border at Laredo into Mexico.

3. Claimant is a Mexican national who has never appeared in this Court in support of his claim except through counsel.

4. The claim filed by claimant Alejandro Martinez-Lopez asserts, without elaboration, that he is the true owner of the defendant currency, and that he obtained the currency in the regular course of his money exchange and auto purchasing and sales business.

5. Claimant's answer denies, without elaboration, that the defendant currency is subject to forfeiture, that it was involved in money laundering transactions or attempted transactions, that it was involved in a transaction or attempted transaction in violation of 31 U.S.C. § 5316 and 5324(b), and that it was furnished or intended to be furnished in exchange for controlled substances used to facilitate drug trafficking offenses or traceable to such property.

6. The Answer also denies that the tractor-trailer from which the currency was seized was traveling at a high rate of speed.

7. Finally, the answer professes insufficient information to answer the substantive allegations of the complaint repeated above, but generally denies that the defendant currency is subject to forfeiture, and makes the bare assertion that claimant is an innocent owner.

8. After being properly served with a notice of deposition, claimant failed, on December 17, 2002, to appear for his deposition, and has since failed to reschedule the deposition or give any assurance that he will appear.

9. Counsel for claimant has informed the undersigned that he is uncertain whether he can locate the claimant in Mexico.

10. The United States has filed a motion for sanctions for claimant's failure to attend his own deposition and a supporting brief, and the requested sanctions include dismissal of his claim or, in the alternative, an order disallowing claimant's support of his claim or introduction of evidence to support his claim.

11. Claimant's deadline for filing a brief in opposition to the motion for sanctions has expired, and no such brief has been filed.

12. Trial of the case is presently scheduled for May 2003.

13. The discovery deadline was February 7, 2003, and claimant has requested no discovery from the United States.

14. Taking into consideration the complaint and supporting affidavit, the claim and answer, and claimant's refusal to be deposed, there exists no genuine issue as to any material fact, and the United States is entitled to judgment as a matter of law.

WHEREFORE, the United States of America, plaintiff herein, respectfully prays that this Honorable Court enter summary judgment in its favor.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

Dated: 2/25/03

THEODORE B. SMITH, III
Assistant U.S. Attorney
P.O. Box 11754
Harrisburg, PA  17108-1754
(717) 221-4482
Counsel for Plaintiff

4

TAM:TBS:cjl

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 1:CV-01-1084 |
| | ) | |
| Plaintiff | ) | (Judge Rambo) |
| | ) | |
| v. | ) | |
| | ) | |
| $1,790,021 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| Alejandro Martinez-Lopez, Claimant | ) | |

**CERTIFICATE OF NON-CONCURRENCE**

The undersigned certifies that on February 24, 2003, he contacted Chris Flood, Esquire, counsel for claimant, to seek his concurrence in the filing of the attached motion. Counsel would not give his concurrence at that time.

THEODORE B. SMITH
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL NO. 1:CV-01-1084 |
| Plaintiff | ) | |
| | ) | (Judge Rambo) |
| v. | ) | |
| $1,790,021 in U.S. CURRENCY, | ) | |
| Defendant | ) | |
| Alejandro Martinez-Lopez, Claimant | ) | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 25th day of February, 2003, she served a copy of the attached

### MOTION FOR SUMMARY JUDGMENT

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Chris Flood, Esquire
FLOOD & FLOOD
914 Preston Avenue, Suite 800
Houston, TX   77002-1832

CINDY J. LONG
Legal Assistant