**ORIGINAL**

TAM:TBS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 1:CV-01-1084 |
| Plaintiff ) | (Judge Rambo) |
| ) | |
| v. ) | |
| ) | |
| $1,790,021 IN U.S. CURRENCY, ) | |
| Defendant ) | |
| ) | |
| Alejandro Martinez-Lopez, Claimant ) | |

FILED
HARRISBURG, PA

FEB 2 5 2003

MARY E. D'ANDREA, CLERK
Per _____

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

AND NOW, comes the United States of America, plaintiff in the above-captioned civil, in rem forfeiture action, by and through its attorneys, Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, and Theodore B. Smith, III, Assistant U.S. Attorney, who respectfully make the following statement of undisputed material facts as to which there is no issue to be tried, pursuant to Local Rule of Court 56.1, in support of the accompanying motion for summary judgment:

1. This Court has jurisdiction over this matter by virtue of 18 U.S.C. § 981, 21 U.S.C. § 881, 28 U.S.C. §§ 1345 and 1355, and 31 U.S.C. § 5317.

2. On December 28, 2000, troopers of the Pennsylvania State Police conducted a traffic stop of a tractor trailer

bearing Texas license number R1PN70, traveling south on Interstate 81 near Grantville, Pennsylvania at a high rate of speed. (Complaint, ¶ 5(a); Affidavit of Probable Cause to Dauphin County Search Warrant of Trooper Tim Longenecker Dated 12/29/00 (hereinafter Longenecker Affidavit), ¶ 1.)

3. The flatbed trailer was loaded with three very beat up pickup trucks, which were in very poor condition. (Complaint, ¶ 5(b); Longenecker Affidavit, ¶¶ 1, 4, 6.)

4. The driver of the tractor trailer, Jose Montelongo, informed Trooper Jeff Allar that he had traveled from Texas to New York to pick up the three trucks, which were then to be transported to Mexico for resale. (Complaint, ¶ 5(c); Longenecker Affidavit, ¶ 6.)

5. Transport of the three pickup trucks for resale in Mexico was not the sole or primary purpose of the tractor trailer's trip to Mexico, since transport of three pickup trucks in such poor condition from New York to Mexico on a flatbed truck for resale was not a cost effective or profitable means of transport. (Complaint, ¶ 5(d); Longenecker Affidavit, ¶ 6.)

6. Trooper Allar requested and received written consent from Montelongo to search the tractor trailer, and also summoned Trooper Tom Pinkerton and his trained drug detection dog, "Dakota," to the scene of the stop. (Complaint, ¶ 5(e); Longenecker Affidavit, ¶¶ 1-2.)

7. Dakota alerted, or reacted, to several areas of the trailer, including its passenger side, the area underneath the forward most vehicle being hauled on the trailer, the outside rail of the trailer, and the interior of the tractor cab. (Complaint, ¶ 5(f); Longenecker Affidavit, ¶ 2.)

8. Pennsylvania State Police also recovered a bag containing a vegetable substance appearing to be marijuana from an outside compartment of the tractor, although subsequent analysis disclosed that the vegetable substance recovered was not marijuana or any other controlled substance. (Complaint, ¶ 5(g).)

9. Based upon the discovery of the suspected marijuana, Montelongo was taken into custody and transported to Pennsylvania State Police barracks in Harrisburg. (Complaint, ¶ 5(h).)

10. The Pennsylvania State Police applied for and received a Pennsylvania search warrant for the tractor trailer and its contents. (Complaint, ¶ 5(i); Longenecker Affidavit.)

11. During the course of the ensuing search, a cardboard box containing $424,335.00 in U.S. currency was found concealed behind the rear seat of a red Nissan pickup truck being carried by the tractor trailer; this currency was divided into 20 kilogram-sized bundles sealed in plastic bags and wrapped in duct tape. (Complaint, ¶ 5(j).)

12. $1,365,686.00 in U.S. currency was discovered in a metal compartment concealed under the wood planks that made up

the deck of the trailer in the "fifth wheel" area, located directly under the red Nissan pickup truck, which was the front most vehicle on the trailer; this currency was divided into 41 kilogram-sized bundles sealed in plastic bags and wrapped in duct tape. (Complaint, ¶ 5(k).)

13. The two sums of U.S. currency set forth above, in paragraphs 11 and 12 hereof, were seized and turned over to the Drug Enforcement Administration (DEA), and constitute the defendant res of $1,790,021.00 in this in rem civil forfeiture action. (Complaint, ¶ 5(l).)

14. When questioned following the seizure of the defendant currency, Montelongo disclaimed any knowledge of the presence of the currency in his load. (Complaint, ¶ 5(m).)

15. Montelongo also advised that the trailer had been loaded by other persons in a vacant lot in Newburgh, New York, where he had "deadheaded" from Philadelphia following his driving of a load from Houston to Philadelphia. (Complaint, ¶ 5(m); Longenecker Affidavit, ¶ 4.)

16. Montelongo advised that after the trailer was loaded, secured and hitched to the tractor, he headed south and was advised by his dispatcher to proceed to Laredo, Texas, immediately across the border from Mexico. (Complaint, ¶ 5(m); Longenecker Affidavit, ¶ 4.)

17. Montelongo was not charged, and he and the tractor trailer were released. (Complaint, ¶ 5(n).)

18. Mexico is a major source country for illegal controlled substances entering into the United States and is also a major transit route for illegal cocaine, heroin, marijuana and other controlled substances manufactured in other countries and illegally imported into the United States. (Complaint, ¶ 5(o); Longenecker Affidavit, ¶ 5.)

19. Laredo, Texas is both a major point of entry for illicit drugs from Mexico into the United States and a major point of exit for drug proceeds from the United States into Mexico, due to its status as a major border crossing for tractor trailer commerce in lawful goods. (Complaint, ¶ 5(p).)

20. Houston, Texas is a major drug transshipment city in the movement of illegal controlled substances from Mexico into the United States and north to destination cities in New York and New England. (Complaint, ¶ 5(q).)

21. Either Montelongo or such person or persons as caused or attempted to cause him to transport the defendant currency to Mexico without filing the report required by 31 U.S.C. § 5316 committed an offense under 31 U.S.C. § 5324(b) and (c). (Complaint, ¶¶ 5(m), 5(r), 5(s).)

22. The defendant currency is property involved in a transaction or attempted transaction in violation of 31 U.S.C. §§ 5316 and 5324(b)(and (c), or is property traceable to such

property, or is a monetary instrument with respect to which a report has not been filed or property traceable thereto, subject to forfeiture under 31 U.S.C. § 5317(c). (Complaint, ¶¶ 5(j), 5(k), 5(m), 5(r), 5(s).)

23. The defendant $1,790,021 in U.S. Currency was involved in violations of 18 U.S.C. §1956, Laundering of Monetary Instruments, or is traceable to property involved in such transactions or attempted transactions. (Complaint, ¶¶ 2, 5(j), 5(k), 5(m), 5(r), 5(s).)

24. The defendant $1,790,021 in U.S. Currency constitutes monies furnished or intended to be furnished in exchange for controlled substances, proceeds traceable to such an exchange or exchanges, or monies intended to be used to facilitate violations of 21 U.S.C. § 841 and 846. (Complaint, ¶¶ 2, 5(f), 5(j), 5(k), 5(m), 5(o), 5(p), 5(q).)

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

Dated: 2/25/03

THEODORE B. SMITH, III
Assistant U.S. Attorney
P.O. Box 11754
Harrisburg, PA 17108-1754
(717) 221-4482
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL NO. 1:CV-01-1084 |
| | ) | |
| Plaintiff | ) | |
| | ) | (Judge Rambo) |
| V. | ) | |
| | ) | |
| $1,790,021 in U.S. CURRENCY, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| Alejandro Martinez-Lopez, Claimant | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 25th day of February, 2003, she served a copy of the attached

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Chris Flood, Esquire
FLOOD & FLOOD
914 Preston Avenue, Suite 800
Houston, TX   77002-1832

CINDY J. LONG
Legal Assistant