**ORIGINAL**

TAM:TBS

2 to cv

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.  1:CV-01-1084 |
| Plaintiff | ) | (Judge Rambo) |
| | ) | |
| v. | ) | |
| | ) | |
| $1,790,021 IN U.S. CURRENCY, | ) | |
| Defendant | ) | |
| | ) | |
| Alejandro Martinez-Lopez, Claimant | ) | |

FILED
HARRISBURG, PA
FEB 2 5 2003
MARY E. D'ANDREA, CLERK
Per _____

In Re: **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AFFIDAVIT OF TROOPER TIM LONGENECKER**

**AND NOW,** comes the United States of America, plaintiff in the above-captioned civil, <u>in rem</u> forfeiture action, by and through its attorneys, Thomas A. Marino, United States Attorney for the Middle District of Pennsylvania, and Theodore B. Smith, III, Assistant U.S. Attorney, who respectfully move the Court, pursuant to Fed.R.Civ.P. 56, for summary judgment and, in support

thereof, submits the affidavit of Trooper Tim R. Longenecker filed in support of a Dauphin County Search Warrant application December 29, 2000.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

Dated: 2/25/03

THEODORE B. SMITH, III
Assistant U.S. Attorney
P.O. Box 11754
Harrisburg, PA  17108-1754
(717) 221-4482
Counsel for Plaintiff

# Commonwealth of Pennsylvania
## COUNTY OF DAUPHIN



# AFFIDAVIT OF PROBABLE CAUSE

| Docket Number (Issuing Authority): | Police Incident Number: | Warrant Control Number: 2000-1229 |

**PROBABLE CAUSE BELIEF IS BASED UPON THE FOLLOWING FACTS AND CIRCUMSTANCES:**

Your affiant is Trooper Tim Longenecker of the PA State Police Vice Unit. On Thursday, 12/28/00, at approximately 2200 Hrs Trooper Jeff ALLAR stopped the above mentioned tractor and trailer which was southbound on Interstate 81 for speeding. After the initial traffic stop was completed the driver/operator gave written consent for Trooper ALLAR to search the entire truck tractor, trailer, and three pick-up trucks which were being hauled on the trailer. Trooper ALLAR is trained in motor carrier safety inspections and commercial vehicle drug interdiction. Trooper ALLAR has inspected over 1000 commercial vehicles in his career.

Trooper Tom PINKERTON and his dog DAKOTA were called to assist with the search of the vehicles. Canine DAKOTA was deployed in a systematic search pattern of the vehicles. DAKOTA alerted on the passenger side of the trailer, underneath the forward most vehicle that was being hauled on the flat bed. He then indicated underneath the outside rail of the semi-trailer, near the same location as the first alert. He alerted and indicated at several other areas on the semi-trailer. DAKOTA was deployed inside the truck tractor at which time he indicated low left and high at the rear most wall of the sleeper cab.

Trooper PINKERTON and DAKOTA completed a 14 week canine course of instruction at the PA State Police Academy. DAKOTA was trained and certified in narcotic detection and tracking. DAKOTA was certified in nine searches using a variety of environments and distractions. He is certified in the following controlled substances: marijuana/hashish, cocaine hydrochloride/cocaine base, heroin hydrochloride, D,l-methamphetamine hydrochloride. Certification occurred on Nov. 9th and 10th, of the year 2000. Trooper PINKERTON and DAKOTA are certified as a drug detection team by the PA State Police, Bureau of Emergency and Special Operations.

The driver, Jose MONTELONGO, was interviewed by Cpl Craig FENSTERMACHER. He indicated he had departed Newburgh, NY earlier on 12/28/00 with the three pick-up trucks on the trailer bed and he was traveling to Laredo, TX. When questioned about the ownership of the trucks he idicated he did not know who owned the trucks, but he had knowledge that the actual owner left New York state on a plane for Mexico on 12/28/00. Upon making a cursory examination of the pick-up trucks they appeared to have little value.

Through my training and experience I have knowledge and information that it is common for persons involved in the distribution of controlled substances to transport said substances and/or cash between source cities. Through my training and experience I am aware that New York City is considered a source city in that controlled substances are imported into the country at this location. Additionally I am aware that persons involved in the trafficking of controlled substances import said substances from Mexico through the area of Texas. I am aware through my training, that controlled substances and cash are hidden in various compartments inside and outside of vehicles.

Trooper Jeff ALLAR interviewed MONTELONGO who indicated that he traveled from Texas to New York to pick up the three pickup trucks for transport and resale to Mexico. Based upon the condition and value of the vehicles it is Trooper ALLARS experience that the commodity is not a cost effective load.

A night time search warrant is necessary due to the fact that the vehicle was stopped at approximately 2145 hrs and the vehicle was inspected by Trooper ALLAR and PINKERTON. The vehicle has been under our control since that time and it is presently 0020 hrs, 12/29/00.

Based upon the above information I am requesting a search warrant for the aforementioned items.

I, Tpr Tim LONGENECKER, BEING DULY SWORN ACCORDING TO LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Affiant Signature    Date 12/29/00    Issuing Authority Signature    Date 12-29-00    (SEAL)

Page ___ of ___ Pages

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL NO. 1:CV-01-1084 |
| | ) | |
| Plaintiff | ) | |
| | ) | (Judge Rambo) |
| V. | ) | |
| | ) | |
| $1,790,021 in U.S. CURRENCY, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| Alejandro Martinez-Lopez, Claimant | ) | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 25th day of February, 2003, she served a copy of the attached

**In Re: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AFFIDAVIT OF TROOPER TIM LONGENECKER**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

Chris Flood, Esquire
FLOOD & FLOOD
914 Preston Avenue, Suite 800
Houston, TX  77002-1832

*Cindy J. Long*
CINDY J. LONG
Legal Assistant