UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 1:CV-01-1084 |
| Plaintiff | ) | (Judge Rambo) |
| | ) | |
| vs. | ) | |
| | ) | |
| $1,790,021 in U.S. Currency, | ) | |
| Defendant | ) | |
| | ) | |
| Alejandro Martinez-Lopez, Claimant | ) | |

FILED SCRANTON MAR 14 2003

**CLAIMANT'S RESPONSE TO SHOW CAUSE ORDER
ISSUED FEBRUARY 23, 2003, AND CLAIMANT'S RESPONSE
TO PLAINTIFF'S MOTION FOR SANCTIONS FOR
FAILURE OF PARTY TO ATTEND OWN DEPOSITION,
WITH INCORPORATED MEMORANDUM OF LAW**

NOW COMES ALEJANDRO MARTINEZ-LOPEZ, Claimant herein, by and through his attorney of record, Chris Flood, and in response to the order issued by the Court on February 27, 2003, and to Plaintiff's Motion for Sanctions for Failure of Party to Attend Own Deposition, states as follows:

1. On November 26, 2002, the United States served upon Claimant's counsel a Notice of Deposition Upon Oral Examination of Alejandro Martinez-Lopez, pursuant to Fed.R.Civ.P. 26(a)(5) and 30. On December 11, 2002, Claimant's attorney contacted the Assistant United States Attorney (AUSA) by telephone and informed him that he was uncertain as to whether or not the Claimant would be available to testify in the scheduled deposition.

2. Claimant's counsel had previously represented to the Court and to the AUSA that the Claimant would in all likelihood be unavailable to testify at a deposition and at trial. Counsel

had also informed the AUSA that he believed the proper resolution of this claim could be made based on a dispositive motion to suppress regarding the seizure of the assets in question.

3. The testimony of the Claimant, Alejandro Martinez-Lopez, who was not a witness to the events surrounding the seizure of the cash in question, is not necessary or material to a determination of whether the search and seizure of the assets sought to be forfeited was lawful. Because counsel for Claimant intends to pursue a dispositive motion to suppress, it would be an inappropriate sanction and a denial of Claimant's due process rights to dismiss his pleadings as a sanction for failure to appear for deposition. *See Hovey v. Elliot*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897) and *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909).

4. The Government acknowledges that the Claimant will argue that discovery is not necessary to rule on the suppression issue on page 14 of its brief. The Government first asserts it is entitled to discovery of facts and documents that might assist it in litigating a suppression motion. However, the Government makes no argument or suggestion that Mr. Martinez-Lopez was present at the time of the seizure, had knowledge of the seizure, or had any knowledge of any of the surrounding circumstances or facts relating to the stop, search, arrest or detention of Jose Montelongo, the individual who was actually operating the tractor-trailer in Pennsylvania when he was arrested and the funds in question were seized.

5. The Government also argues that even a successful suppression motion would not terminate this case and that the Claimant is not entitled to deprive the United States of the discovery it needs for trial, simply because he thinks such discovery is not necessary in order to litigate a suppression motion. The Claimant disagrees and believes that a dispositive motion to

suppress could completely resolve this case. Should resolution not occur, the Government could then re-urge its motion for sanctions and ask the Court to dismiss Claimant's pleadings. The Government's motion for sanctions at this time is premature.

6. In determining whether or not to dismiss this claim for discovery violations, this Court should consider six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) whether or not a history of dilatoriness exists; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) <u>the effectiveness of sanctions other than dismissal which entails an analysis of alternate sanctions</u>; and (6) the meritoriousness of the claims being asserted by the Claimant. *See Poulis v. State Fire Fire & Casualty Co.*, 747 F.2d 863, 868 (3rd Cir. 1984) (emphasis added).

7. While it is clear that Mr. Martinez-Lopez bears some personal responsibility for his inability to appear for a deposition, the Government has made no showing that it has been prejudiced. The inability of Claimant to appear for deposition cannot reasonably be said to interfere with, hinder or hamper the Government's ability to respond to a dispositive motion to suppress.

8. There has been no showing by the Government of a history of dilatoriness or bad faith on the part of Claimant.

9. The final two factors to be considered by the Court under *Poulis v. State Farm Fire & Casualty Co., supra,* are whether or not alternative sanctions would be successful and whether or not there is a meritorious claim presented by the Claimant. In this case, any of the lesser sanctions set out in Fed.R.Civ.P. 37(b)(2)(A) or (C) are more practicable. It is reasonable to

believe that a delay in imposing sanctions until a dispositive motion to suppress can be heard would not be prejudicial to the Government in any way.

11. The Government's reliance on *Al Barnett & Sons, Inc. v. Outboard Marine Corp.*, 611 F.2d at 34-55 (Court of Appeals Delaware,1979), is misplaced. The *Barnett* case involved thirty-two plaintiffs in an antitrust case, who filed a claim against Outboard Marine Corp. under Section 1 of the Sherman Act, for attempting to brand portions of its business with the Evinrude Outboard Motor Corporation. In that case there was a lengthy history of the plaintiffs failing to comply with the discovery that had been ordered by the court. In *Barnett*, the trial judge dismissed the appellants' case after providing them with the opportunity to explain their failure to attend their depositions as scheduled. The plaintiffs in *Barnett* repeatedly failed to answer interrogatories as directed, refused to appear for depositions as directed, and failed to produce documents as stipulated. The court found a record which revealed a course of conduct that frustrated the fundamental purpose underlying the discovery rules, and dismissed the plaintiffs' case.

11. Clearly, in the present case there is no record of a course of conduct which rises to the same level as that presented in *Barnett*. The only violation of discovery rules presented to the Court is the inability of the Claimant, Jose Martinez-Lopez, to appear for deposition, which simply does not rise to the level of "frustrating the fundamental purposes underlying the discovery rules to provide adequate information to litigants in civil trials." *Barnett*, 611 F.2d at 34-35.

12. In addition to this response, attorney for the Claimant has filed a dispositive motion to suppress any and all evidence seized as a result of the illegal stop, detention, arrest and search of Jose Montelongo.

WHEREFORE, the Claimant, Alejandro Martinez-Lopez, respectfully requests that this Honorable Court deny the motion for sanctions filed by the Government, or at the very least, delay ruling on the Government's motion for sanctions until a hearing on the dispositive motion to suppress can be conducted.

Respectfully submitted,

FLOOD & FLOOD

Chris Flood
914 Preston Street, Suite 800
Houston, TX 77002
(713) 223-8877
(713) 223-8879 (Fax)
Federal I.D. No. 9929
**Attorney for Claimant**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Claimant's response to Show Cause Order Issued February 23, 2003, and Claimant's Response to Plaintiff's Motion for Sanctions for Failure of Party to Attend Own Deposition has been served on Theodore B. Smith, III, Assistant U.S. Attorney, by mailing same to United States Courthouse, 235 N. Washington Avenue, Scranton, PA 18501, by certified mail, return receipt requested, on March _____, 2003

Chris Flood