UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | )<br>)<br>) | CIVIL NO. 1:CV-01-1084<br>(Judge Rambo) |
| vs. | )<br>) | |
| $1,790,021 in U.S. Currency,<br>Defendant | )<br>)<br>) | |
| Alejandro Martinez-Lopez, Claimant | )<br>) | |

### CLAIMANT'S DISPOSITIVE MOTION TO SUPPRESS ANY AND ALL EVIDENCE SEIZED AS A RESULT OF THE UNLAWFUL STOP, DETENTION, ARREST AND SUBSEQUENT SEARCH OF JOSE MONTELONGO ON DECEMBER 29, 2000

NOW COMES ALEJANDRO MARTINEZ-LOPEZ, Claimant herein, by and through his attorney of record, Chris Flood, and respectfully moves the Court to suppress all evidence obtained as a result of the unlawful stop, detention, arrest and subsequent search of a vehicle driven by Jose Montelongo on December 29, 2000, saying more particularly as follows:

1. On December 29, 2000, Jose Montelongo was lawfully operating a tractor-trailer on a public roadway in Pennsylvania when he was unlawfully stopped by Trooper Longenecker of the Pennsylvania State Police. Immediately after the unlawful stop, Jose Montelongo was subjected to an unlawful interrogation which occurred well beyond the period of detention that was necessary for the stop, at which time he allegedly signed a written consent to search form for the tractor-trailer. Jose Montelongo did not knowingly, intelligently or voluntarily give consent to search the vehicle, and any alleged consent was a direct result of his unlawful stop and detention.

2. After the unlawful consent was obtained, Trooper Tom Pinkerton and his dog, Dakota, were brought to the scene and Dakota allegedly alerted on the vehicle. Utilizing the

unlawfully obtained evidence, Trooper Longenecker applied for and received a search warrant, and officers with the Pennsylvania State Police searched the tractor-trailer, as well as the three vehicles which were being carried on the trailer. The search resulted in approximately $1,790,021 being recovered from the tractor-trailer, as well as other evidence which Claimant believes the Government will attempt to introduce in this case.

3.      Officers also recovered from the vehicle a package of a green plant-like material which they believed to be marijuana. However, the plant-like substance was later tested and found to be neither marijuana nor any other controlled substance, and Jose Montelongo was subsequently released.

WHEREFORE, the Claimant, Alejandro Martinez-Lopez, respectfully prays that the Court conduct a hearing on this motion and order that all evidence seized as a result of the illegal stop, detention, search and unlawful arrest of Jose Montelongo on December 29, 2000.

Respectfully submitted,

FLOOD & FLOOD

_____
Chris Flood
914 Preston Street, Suite 800
Houston, TX 77002
(713) 223-8877; Fax (713) 223-8879
Federal I.D. No. 9929
**Attorney for Claimant**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **Claimant's Dispositive Motion to Suppress Any and All Evidence Seized as a Result of the Unlawful Stop, Detention, Arrest and Subsequent Search of Jose Montelongo on December 29, 2000** has been served on Theodore B. Smith, III, Assistant U.S. Attorney, by mailing same to United States Courthouse, 235 N. Washington Avenue, Scranton, PA 18501, by certified mail, return receipt requested, on March _____, 2003

_____
Chris Flood

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff | )<br>)<br>) | CIVIL NO. 1:CV-01-1084<br>(Judge Rambo) |
| vs. | )<br>)<br>) | |
| $1,790,021 in U.S. Currency,<br>    Defendant | )<br>)<br>) | |
| Alejandro Martinez-Lopez, Claimant | ) | |

### CERTIFICATE OF NON-CONCURRENCE

The undersigned certifies that on March 12, 2003, he contacted Theodore B. Smith, Assistant U.S. Attorney, to seek his concurrence in the filing of the attached motion. Counsel would not give concurrence at that time.

                   _____
                   CHRIS FLOOD
                   Attorney for Claimant

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff | ）<br>）<br>） | CIVIL NO. 1:CV-01-1084<br>(Judge Rambo) |
| vs. | ）<br>） | |
| $1,790,021 in U.S. Currency,<br>　　　　Defendant | ）<br>）<br>） | |
| Alejandro Martinez-Lopez, Claimant | ） | |

## ORDER

UPON PRESENTATION of Claimant's Dispositive Motion to Suppress Any and All Evidence Seized as a Result of the Unlawful Stop, Detention, Arrest and Subsequent Search of Jose Montelongo on December 29, 2000 the Court finds that it should be GRANTED and it is –

ORDERED that the United States Government shall not mention, refer or allude to any evidence, including written or oral statements, seized.

DONE at Harrisburg, Pennsylvania, on _____, 2003.

_____
SYLVIA RAMBO
UNITED STATES DISTRICT JUDGE