UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 1:CV-01-1084 |
| Plaintiff | ) | (Judge Rambo) |
| | ) | |
| vs. | ) | |
| | ) | |
| $1,790,021 in U.S. Currency, | ) | |
| Defendant | ) | |
| | ) | |
| Alejandro Martinez-Lopez, Claimant | ) | |

FILED
SCRANTON
MAR 24 2003
PER _____
DEPUTY CLERK

BRIEF IN SUPPORT OF
CLAIMANT'S DISPOSITIVE MOTION TO SUPPRESS ANY
AND ALL EVIDENCE SEIZED AS A RESULT OF THE
UNLAWFUL STOP, DETENTION, ARREST AND SUBSEQUENT
SEARCH OF JOSE MONTELONGO ON DECEMBER 29, 2000

NOW COMES ALEJANDRO MARTINEZ-LOPEZ, Claimant herein, by and through his attorney of record, Chris Flood, and submits his brief in support of his motion to suppress all evidence obtained as a result of the unlawful stop, detention, arrest and subsequent search of a vehicle driven by Jose Montelongo on December 29, 2000, as follows:

I. ISSUES PRESENTED

ISSUE NO. 1

Does claimant in a civil forfeiture action have standing to request suppression of evidence illegally obtained during a criminal investigation?

ISSUE NO. 2

Was evidence obtained in this case seized in violation of the Fourth Amendment rights of the Claimant, as well as the violation of the Fourth Amendment rights of Jose Montelongo? Specifically, did the detention of Jose Montelongo exceed the scope of the original investigation for speeding, was the consent to search signed by Jose

Montelongo done in a voluntary manner, did the search of the vehicle pursuant to alleged consent exceed the scope of the consent, and finally, and was the evidence which was seized tainted as a result of the illegal, warrantless arrest of Jose Montelongo when the officers had no probable cause to arrest him?

## II. SUMMARY OF THE ARGUMENT

1.  Complainant has standing to request suppression, as owner and party who has been injured by illegal search, arrest and seizure.

2.  Suppression of all evidence is appropriate in this case because (a) the detention exceeded the scope of the initial investigation; (b) consent was not given in a valid, voluntary manner; (c) the search of the vehicle by law enforcement officers exceeded the scope of the alleged consent; (d) the agent of the Claimant, Jose Montelongo, was arrested without a warrant and without probable cause; and (e) the evidence was seized during the execution of a search warrant which would not have been issued absent the illegal arrest of Jose Montelongo.

## III. FACTUAL BACKGROUND

3.  On December 28, 2000, at approximately 10:00 p.m., Jose Montelongo, a commercial truck driver operating a tractor-trailer, was stopped by Pennsylvania State Troopers for allegedly speeding. The Troopers made no attempt to cite Jose Montelongo for the alleged traffic violation, but instead immediately focused on searching the tractor-trailer. After a conversation with Jose Montelongo about where he had come from, what he was hauling, and where he was headed, the officers persuaded him to sign a written consent form. The Troopers summoned an additional Trooper, with his narcotics trained canine, to do a thorough search of the tractor-trailer.

2

4. According to the Troopers' statement, the narcotics canine alerted on multiple locations on the tractor-trailer. The Troopers did their own search and found a small amount of a vegetable substance in a plastic bag. It is unclear from the Troopers' statement and affidavit whether or not the canine had alerted on the vegetable substance. [Paragraphs 7 and 8 on p. 3 of Plaintiff's Statement of Undisputed Material Facts]

5. Jose Montelongo was arrested for possession of marijuana, a charge which was later dropped because the vegetable substance failed to test positive for any controlled substance. [Paragraph 9, p. 3, Plaintiff's Statement of Undisputed Material Facts]

6. The tractor-trailer was impounded and taken to the Pennsylvania State Police barracks, and Jose Montelongo was placed in custody at the same barracks. [Paragraph 9, p. 3, Plaintiff's Statement of Undisputed Material Facts]

7. As a result of the warrantless and improper arrest of Jose Montelongo for possession of marijuana, officers were able to delay his travel and until they could obtain a search warrant for the tractor-trailer. [Paragraph 10, p. 3, Plaintiff's Statement of Undisputed Material Facts]

8. During the execution of that search warrant, Pennsylvania State Troopers located and seized the assets which are the subject of this *in rem* proceeding. [Paragraphs 11, 12 and 13, pages 3-4, Plaintiff's Statement of Undisputed Material Facts]

### IV. LEGAL AUTHORITY

9. An injured party who has a possessory or property interest in the evidence that is seized has standing to make a request for suppression of the evidence, when the injury is the result of the illegal detention, search, arrest or seizure of a third party.

10. The question of standing to request suppression in a forfeiture proceeding in which the request for suppression is brought by a third party owner who was not present at the time of illegal detention, arrest, search and seizure, has not been previously addressed by the Courts of Appeal or the Supreme Court of the United States. However, the U.S. Court of Appeals for the Third Circuit has addressed this issue of standing in a criminal case. *United States v. Shaefer, Michael and Clairton Slag, Inc.*, 637 F.2d 200 (3rd Cir. 1980). In that case, the Court found that the owner and injured party did have standing to object to the stop of his trucks and the subsequent seizure of documents. The Court of Appeals reversed the trial court's decision that no evidentiary hearing regarding suppression issues was required, and addressed the government's argument that the defendants lacked standing to challenge the search and seizure of documentary evidence because they were not present when the evidence was seized. The Pennsylvania State Police had stopped five asphalt trucks, detained their occupants, weighed the trucks and obtained from the truck drivers the weigh bills they carried, which had been prepared by agents of Clairton Slag. Three days later, the same trucks were again stopped, this time when they were empty. The police compared the empty weight of the trucks with the loaded weight that they had obtained a few days earlier and determined that the amount of asphalt in each truck was less than was indicated on the weigh bills that had been seized the first time the trucks were stopped.

11. The court gave a detailed explanation of its standing analysis and set out the basis of the defendants' standing to request suppression, noting that "...Clairton Slag had property and possessory interest in the weigh bills which were seized and copied... [t]he Fourth Amendment's prohibition against seizures of property does not depend upon presence of the owner...."; and finally, "... Clairton Slag, Inc., was present at the seizures in the only way a corporation can ever be present, by its agents, the drivers." *Id.* at 203. In the present case, the Claimant was

4

present through the presence of his agent and driver of the tractor-trailer, Jose Montelongo, and the Claimant had a property and possessory interest in the seized funds.

12. In *One 1958 Plymouth Sedan v. The Commonwealth of Pennsylvania*, 380 U.S. 693, 85 S.Ct.1246 (1965), the Supreme Court of the United States held that the exclusionary rule was applicable in forfeiture cases because of their quasi-criminal character.

13. The exclusionary rule states that where evidence is obtained as a result of an illegal search or arrest, or as the result of improper police conduct in violation of an individual's constitutional rights, that evidence should be excluded. In *United States v. Alberto Antonio Leon*, 468 U.S. 897, 104 S.Ct. 3405 (1984), the Supreme Court set out an exception to the exclusionary rule, stating that when an officer acts in reasonable reliance on a search warrant subsequently found to be invalid, the evidence should not be excluded. This is referred to as the good-faith exception and normally refers to situations in which a warrant is obtained by officers who execute a search and later find that the warrant is in some way fundamentally flawed, making it invalid. The courts have upheld this ruling; however, the good-faith exception has not been extended to cover situations in which officers arrest an individual as a result of a mistake of fact, then obtain a warrant which leads to the seizure of evidence.

## V. ARGUMENT

14. As owner and as an injured party, the Claimant has proper standing to request suppression of the evidence seized, which was being transported by Jose Montelongo, as well as the injury to the Claimant as a result of the illegal arrest and detention of Jose Montelongo, under the relevant case law, *United States v. Shaefer, Michael and Clairton Slag, Inc.*

15. The evidence seized as the result of the illegal, warrantless arrest of Jose Montelongo should be suppressed. The Pennsylvania State Troopers arrested Jose Montelongo allegedly on possession of marijuana charges; however, that "marijuana" was later examined at the criminal laboratory and found to be no controlled substance whatsoever. Absent Mr. Montelongo's arrest and detention, the tractor-trailer would not have been impounded and held at the police barracks until a search warrant could be obtained.

16. The good-faith exception to the exclusionary rule does not apply in this case. It applies only where a court finds that the officers were acting in reasonably good faith based on the objective circumstances that they had observed, and that they believed the warrant they were executing was valid. There was no warrant for the arrest of Jose Montelongo; therefore, the court must consider the circumstances and determine whether or not, based on the objective facts observable by the police at the time of his arrest, probable cause existed. It is difficult to believe that troopers with the Pennsylvania State Police, who are trained in motor carrier safety inspections and commercial vehicle drug interdiction and who had inspected over a thousand commercial vehicles during their career (see paragraph 1 of Trooper Tim Longenecker's affidavit in support of his application for a search warrant), assisted by a trained narcotic detection canine, could mistakenly identify a vegetable substance as marijuana. It is unclear from all the documents produced by the Troopers and the Government whether or not the canine alerted on the vegetable substance. If the canine did alert, it would certainly call into question the validity of the dog's training, as well as the scientific reliability of its ability to determine whether or not narcotics were or had been present. If the canine was not used to check the substance, or was used but did not alert, it is impossible to believe that the officers had a "good-faith" belief that the vegetable substance seized from Jose Montelongo's vehicle was in fact marijuana.

17.     One of the purposes of the exclusionary rule is to put the claimant or the defendant back into the position he was in prior to the illegal action by the police, by excluding the evidence that is seized as the result of an illegal search or arrest.

18.     The funds that were seized in this case are clearly the fruit of the poisonous tree. The poisonous tree is the illegal, warrantless arrest of Jose Montelongo, which gave the police additional time to procure a search warrant. Had Jose Montelongo not been arrested, no warrant would have been issued, his detention would have become excessive, and any evidence seized would have been suppressed. No good-faith exception to the exclusionary rule applies; therefore, the evidence seized as a result of the illegal warrantless arrest of Jose Montelongo should be suppressed.

Respectfully submitted,

FLOOD & FLOOD

_____
Chris Flood
914 Preston Street, Suite 800
Houston, TX 77002
(713) 223-8877
(713) 223-8879 (Fax)
Federal I.D. No. 9929
**Attorney for Claimant**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **Brief in Support of Claimant's Dispositive Motion to Suppress Any and All Evidence Seized as a Result of the Unlawful Stop, Detention, Arrest and Subsequent Search of Jose Montelongo on December 29, 2000** has been served on Theodore B. Smith, III, Assistant U.S. Attorney, by mailing same to P.O. Box 309, Scranton, PA 18501-0309, by certified mail, return receipt requested, on March 21, 2003.

_____
Chris Flood